IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

GREGORY L. BEST,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 14-4760 (JBS)

**OPINION**

APPEARANCES:

Mr. Gregory L. Best
30902-068
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08649
    Plaintiff, pro se

Paul J. Fishman
UNITED STATES ATTORNEY
    By: Robert S. Drum
        Special Assistant U.S. Attorney
Social Security Administration
Office of the General Counsel
P.O. Box 41777
Philadelphia, PA 19101
    Attorneys for Defendant Commissioner of Social Security

**SIMANDLE**, Chief Judge:

# I. INTRODUCTION

This matter comes before the Court pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff Gregory L.

Best's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, _et_ _seq._ Plaintiff, who suffers from anxiety, depression, and substance abuse, was denied benefits for the period beginning February 28, 2009, the alleged onset date of disability, to June 20, 2012, the date on which the Administrative Law Judge ("ALJ") issued a written decision.

This case presents an unusual appeal of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability benefits. Plaintiff does not attack the accuracy of the ALJ's decision; instead he seeks review and remand of the Commissioner's decision and on the grounds that his physical and mental condition have deteriorated since the SSA's final decision in 2013. Plaintiff argues that his conditions are "progressively worsening" and that an examination of his medical records will "prove that Plaintiff WILL NOT BE ABLE to return to any semblance of previous employment that he was accustomed to before his incarceration" when he is released from F.C.I. Fort Dix. (Pl. Br. at 3.) For the reasons discussed below, the Court will deny Plaintiff's motion and affirm the ALJ's decision denying Plaintiff disability benefits.

**II. BACKGROUND**

Plaintiff filed an application for disability insurance benefits on May 21, 2010, alleging an onset of disability on

February 28, 2009. (R. at 18.) His claim was denied, as was a request for reconsideration. (Id.) A hearing was held April 24, 2012 before the ALJ, Wayne Stanley, which Plaintiff did not attend because he was incarcerated in Erie County Prison. (Id.) Plaintiff's attorney, Jennifer L. Bentley, appeared at the hearing, as did George J. Starosta, an impartial vocational expert.

In a written decision dated June 29, 2012, the ALJ determined that Plaintiff was not disabled at any time through the date of decision. (R. at 19, 27.) He found that Plaintiff had not engaged in substantial gainful activity since February 28, 2009, the alleged onset date of his disability. (R. at 20.) The ALJ further determined that Plaintiff suffered from the following "severe impairments: anxiety, depression, and substance abuse." (Id.)[1] Notwithstanding Plaintiff's impairments, the ALJ concluded that Plaintiff's impairments did not meet, or

---

[1] Plaintiff also claimed that he suffers from asthma and chronic obstructive pulmonary disorder ("COPD"), but the ALJ found these conditions to not constitute "severe impairments" because the records from his treating physician, Dr. Brooks, contained no documentation of treatment for those conditions; because his treatment records from Erie County Prison indicate "these conditions to be mild and under good control;" and because Plaintiff reported to the ALJ that he was diagnosed with COPD in 2004 but still worked as a custodian during that period. (R. at 20-21.) Similarly, the ALJ found Plaintiff's alleged lower back problems to not constitute a "severe impairment" because he never received treatment for his condition and because he "was assessed with normal posture and gait at the consultative examination." (R. at 21.)

equal in severity, any impairment found in the Listing of Impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 21.) The ALJ further determined that Plaintiff possessed the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, except that:

> he would have a moderate limitation in the ability to understand, remember, and carry out detailed instructions; he would have a moderate limitation in his ability to make judgments on simple work-related decisions; he would have a moderate limitation in the ability to interact appropriately with coworkers; he would have a moderate limitation in the ability to respond appropriately to work pressures in a usual work setting; and he would have a moderate limitation in the ability to respond appropriately to changes in a routine work setting.

(R. at 22-23.) Although the ALJ found that Plaintiff's impairments caused his alleged symptoms, he found Plaintiff's statements concerning the intensity, persistence, and limited effects of those symptoms not credible. The ALJ concluded that Plaintiff was capable of performing his past relevant work as a custodian and a mechanic because "[t]his work does not require the performance of work-related activities precluded by the claimant's residual functional capacity." (R. at 26.)

In support of this conclusion, the ALJ considered Plaintiff's written statement and the statements of his representative at the hearing that his COPD and bipolar disorder made him unable to handle an eight-hour workday, but found them ultimately unpersuasive as they were inconsistent with

4

Plaintiff's complete medical history. (R. at 23.) With regards to Plaintiff's alleged COPD, the ALJ observed that Plaintiff's medical records described his breathing problems as "mild and under control" and noted that Plaintiff had never sought routine or emergency treatment for asthma or COPD. (R. at 24.) As a result, the ALJ found no physical limitations on the exertional work Plaintiff could perform. The ALJ determined that Plaintiff's medical records indicate that he "has moderate limitation in his ability to perform work-related mental activities," but found these not to impose limitations beyond those captured by his RFC. (R. at 24, 25.)

Plaintiff sought treatment for depression and alcoholism, but failed to comply with the treatment plan established by Beacon Light Behavioral Health Systems from November 2009 through February 2011; Plaintiff missed numerous scheduled therapy sessions and medication evaluations and continued to drink alcohol against medical advice. (R. at 24-25, 242, 245, 246, 276-81.) Plaintiff received mental health treatment while incarcerated at Erie County Prison, where he was diagnosed with major depressive disorder and a GAF score of 50, and was prescribed medication. (R. at 299-301.) Significantly, the records indicated that Plaintiff was working while simultaneously receiving treatment for alcohol abuse. (R. at 175, 233, 250.) The ALJ specifically credited the opinion

5

provided by the consultative examiner, Dr. Simons and the state agency mental assessments performed by James Vizza, Psy.D. (R. at 26, 249-274.)

The Appeals Council denied Plaintiff's request for review on September 26, 2013. (R. at 3-5.) Plaintiff then filed the instant action, seeking review and remand of the Commissioner's final decision on the grounds that his medical and psychological case files from F.C.I. Fort Dix Health Services will show that his physical and mental conditions have deteriorated such that he will be unable to return to his previous employment upon his release. (Pl. Br. at 3.)

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Court's review is deferential to the Commissioner's decision, and the Court must uphold the Commissioner's factual findings where they are supported by "substantial evidence." 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Cunningham v. Comm'r of Soc. Sec., 507 F. App'x 111, 114 (3d Cir. 2012). Substantial evidence is defined as "more than a mere scintilla," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 400 (1971); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (using the same language as Richardson).

6

Therefore, if the ALJ's findings of fact are supported by substantial evidence, the reviewing court is bound by those findings, whether or not it would have made the same determination. Fargnoli, 247 F.3d at 38. The Court may not weigh the evidence or substitute its own conclusions for those of the ALJ. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Remand is not required where it would not affect the outcome of the case. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

## IV. DISCUSSION

### A. Legal standard for determination of disability

In order to establish a disability for the purpose of disability insurance benefits, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." Plummer v. Apfel, 186 F.3d 422, 426 (3d Cir. 1999); 42 U.S.C. § 423(d)(1). A claimant lacks the ability to engage in any substantial activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Plummer, 186 F.3d at 427–428; 42 U.S.C. § 423(d)(2)(A).

The Commissioner reviews claims of disability in accordance with the sequential five-step process set forth in 20 C.F.R. § 404.1520. In step one, the Commissioner determines whether the claimant currently engages in "substantial gainful activity." 20 C.F.R. § 1520(b). Present engagement in substantial activity precludes an award of disability benefits. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  In step two, the claimant must demonstrate that the claimant suffers from a "severe impairment."  20 C.F.R. § 1520(c).  Impairments lacking sufficient severity render the claimant ineligible for disability benefits.  See Plummer, 186 F.3d at 428.  Step three requires the Commissioner to compare medical evidence of the claimant's impairment to the list of impairments presumptively severe enough to preclude any gainful activity.  20 C.F.R. § 1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Plummer, 186 F.3d at 428. Step four requires the ALJ to consider whether the claimant retains the ability to perform past relevant work. 20 C.F.R. § 1520(e). If the claimant's impairments render the claimant unable to return to the claimant's prior occupation, the ALJ will consider whether the claimant possesses the capability to perform other work existing in significant numbers in the national economy, given the

claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 1520(g); 20 C.F.R. 404.1560(c).

### B. Plaintiff's deteriorating condition does not provide a basis to overturn the ALJ's decision

Plaintiff seeks review of the Commissioner's decision on the grounds that his mental and physical condition have deteriorated since the ALJ determined that he was not disabled from February 28, 2009, through the date of the ALJ's written decision on June 20, 2012. Plaintiff argues that his health is "progressively worsening" and that an examination of his medical records will "prove that Plaintiff WILL NOT BE ABLE to return to any semblance of previous employment that he was accustomed to before his incarceration" when he is released from F.C.I. Fort Dix. (Pl. Br. at 3.) Plaintiff asks this Court to Order the Commissioner to "RE-CONSIDER, RE-EXAMINE, and AWARD Plaintiff disability benefits, based upon his on-going physical, and psychological, deterioration." (Id.)

In other words, Plaintiff is not arguing that the Commissioner incorrectly determined that he was not disabled as of the ALJ's written decision on June 29, 2012; rather, Plaintiff wishes to present new evidence of his ongoing medical conditions to argue that he is now disabled within the meaning of the Social Security Act. An appeal for judicial review from the District Court is not the proper way for Plaintiff to

introduce new evidence of his disability that post-dates the
ALJ's decision. The District Court reviews the Commissioner's
final determination with regards to the evidence provided to the
SSA during the administrative appeals process, and will only
overturn the Commissioner's findings if they are not supported
by "substantial evidence" already in the medical record. 42
U.S.C. § 405(g). Instead, Plaintiff's best course is to file a
new application with the SSA for disability benefits so that the
Commissioner can consider Plaintiff's more recent medical
records. The SSA will not permit a claimant to file a new claim
while an appeal is already pending on an earlier claim, see 76
Fed. Reg. 45309-03 (July 28, 2011), but because Plaintiff's
previous claim became final when the Appeals Council denied his
request for review, he is not barred from now opening a new
claim for benefits that covers the time since the ALJ's 2012
decision.

   **C. The ALJ's decision is supported by substantial evidence**

   Furthermore, the Court will not overturn the Commissioner's
finding that Plaintiff was not disabled as of June 29, 2012,
because the decision is supported by substantial evidence. The
ALJ carefully documented the basis for his conclusions at each
step of the five-step sequential evaluation. He evaluated all of
the evidence in Plaintiff's record, including "medical records,
observations made during formal medical examinations,

descriptions of limitations by the claimant and others, and observations of the claimant's limitations by others." Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001); see also 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a), 404.1546. Importantly, the ALJ weighed conflicting evidence in the record and made explicit credibility determinations in his opinion. Fargnoli, 247 F.3d at 42. See R. at 24 ("The undersigned finds this low score was based primarily on the claimant's subjective complaints, which were not fully credible. Furthermore, it is inconsistent with the claimant's longitudinal mental health treatment records. . . ."); R. at 26 ("[T]he undersigned has given greatest weight to the opinion provided by the consultative examiner. . . . The undersigned has also considered and given weight to the stage agency mental assessments."). The ALJ gave due consideration to Plaintiff's subjective complaints and disregarded them only where contradicted by Plaintiff's medical and employment records. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992) (holding that a claimant's subjective complaints of pain must be accompanied by objective medical evidence showing the existence of a condition that reasonably could be expected to produce those symptoms.) As a result, the Court finds no error in the ALJ's decision that Plaintiff was not disabled as of June 29, 2012.

**V. CONCLUSION**

For all of these reasons, the Court finds that substantial evidence supports the ALJ's decision to deny Plaintiff benefits, and that it should be affirmed.  An accompanying Order will be entered.


**March 23, 2016**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge